# 𝔚𝔶𝔱𝔥𝔢𝔟𝔦𝔩𝔩𝔢

PERRY W. RUTH v. L. R. TIMBERLAKE.

June 15, 1933.

Present, All the Justices.

The opinion states the case.

*Brandt & Ehrenworth,* for the plaintiff in error.

*Francis T. Wheeler,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action was brought by L. R. Timberlake, in the Civil Justice Court of the city of Norfolk, against Perry W. Ruth, to recover the sum of $612.35, due by open account. An affidavit was attached to the warrant, setting forth that the defendant was indebted to the plaintiff for work done and materials furnished to the defendant.

The defendant appeared before the Civil Justice Court, and upon affidavit that he had a substantial defense, the case was removed to the circuit court and duly docketed for trial. The defendant pleaded the general issue, to which the plaintiff replied generally. Thereupon, the defendant moved the court to require the plaintiff to file a bill of particulars of his claim, which motion was granted. No bill of particulars was ever filed, however.

There was a trial by a jury which resulted in a judgment for the full amount claimed. A motion was made to set aside the verdict, on the ground of after-discovered evidence, and on the further ground that it was contrary to the law and the evidence. Affidavits were filed in support of the first ground, showing that if the defendant was indebted to the plaintiff in any sum, it was the sum of $441.51, and not the amount found by the jury.

The court overruled the motion to set aside the verdict, but did reduce the same by allowing a credit of $170.84. Apparently the reduction in the amount of the verdict was based upon the affidavits, as there is no testimony disclosed by the record warranting the court's action.

As we view that phase of the case dealing with the motion to set aside the verdict of the jury on the ground

of after-discovered evidence, the affidavits were filed, not for the purpose of seeking a reduction in the amount claimed in the event a new trial was awarded, but for the purpose of impeaching the main witness for the plaintiff.

The record, though meagre, does present the following: Timberlake was engaged in the sale of building supplies in the city of Newport News. The Haycox Concrete Corporation had contracted to erect a building in Newport News and applied to Timberlake to furnish it certain building material. Timberlake declined to extend credit to the corporation. Thereupon, as testified by F. M. Caffee, manager of the Timberlake business, Ruth approached him and represented that he was a partner of the Haycox Concrete Corporation; that upon that representation credit was extended and Ruth verbally guaranteed the account which amounted to $612.35, and that no portion thereof had been paid.

As stated, it so conclusively appeared that the statement of Caffee, that the account sued on had not been reduced, was erroneous, the court, of its motion, reduced the verdict. The rule regarding the granting of a new trial on the ground of after-discovered evidence has been so frequently stated it is unnecessary to restate it.

As we comprehend the situation, it was the duty of the court either to overrule the motion for a new trial and enter judgment upon the verdict, or grant a new trial. The case of the plaintiff hinged entirely upon the evidence of Caffee, that credit was extended on the faith of the representations made to him by Ruth. We cannot say, if a new trial had been awarded, that the affidavits challenging the credibility of Caffee would not have produced a different result. Especially is this open to debate when it appears that Timberlake had never called upon Ruth for payment of the account until a short time prior to the bringing of the action; and that he had obtained judgment against the Haycox Corporation and sought by execution to collect the amount due.

On behalf of the plaintiff and over the objection of the defendant, the court gave this instruction:

"The court instructs the jury that if you believe, from the evidence, that Haycox represented to Timberlake or his agent, in the presence of Ruth, that Ruth was a partner and jointly interested in the contract to be performed by Haycox Concrete Corporation and that credit was given to Haycox Concrete Corporation and Ruth on the faith of such representation, you shall find your verdict for the plaintiff; and the jury is further instructed that the fact that Ruth may not actually have been a partner in fact or a mere stockholder in said corporation becomes immaterial."

The instruction is attacked on the ground that there is no evidence that any partnership existed. Several witnesses for the plaintiff did testify that Ruth had stated to them that he was a partner of the corporation. Ruth denied that he was, and produced witnesses in corroboration of his statement.

The question of whether or not an individual can enter into a partnership with a corporation is not properly presented by the objections offered to the trial court, and under Rule XXII we decline to pass upon it.

As the case will have to be reversed for the error committed by the trial court in overruling the motion for a new trial, it becomes unnecessary to discuss the remaining assignments of error.

*Reversed.*